### Application of HAMMER.

(Court of Appeals of District of Columbia. Submitted November 20, 1922. Decided January 2, 1923.)

#### No. 1524.

Patents ☜26(2)—Mattress fabric held not to involve invention.

A mattress fabric, comprising a continuous wire provided with a plurality of loops formed by twisting portions of the wire, *held* not to involve invention, in view of other patents, as the combination produced no new result.

Appeal from the Commissioner of Patents.

Application by Peter Hammer for the issuance of a patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Affirmed.

Theodore K. Bryant, of Washington, D. C., and William E. Warland, of New York City, for applicant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Hammer's application for a patent on an improvement in wire mattresses was denied by the Patent Office. We set out claims 1, 3, and 5.

1. A mattress fabric, comprising a continuous wire provided with a plurality of loops, one being opposite the other for helical connection, formed by twisting portions of the wire.

3. A mattress fabric, comprising a continuous wire provided with a plurality of loops, one being opposite the other for helical connection, formed by double twisting one end and single twisting the other end of the return portions of the wire.

5. A mattress, comprising a pair of frame members, a continuous wire having a plurality of loops formed by twisting the wire for helical connection with the frames, said wire having crimps to point in reverse directions, and transverse links connecting a crimp in the return bend of one wire with a crimp in the return bend of the other.

The application was rejected on a patent to Way, July 28, 1914, on one to Langlykke, September 24, 1918, and on one to Slater (British), March 13, 1907. We have considered it in the light of the references, and are satisfied that its essential features correspond with features found in the references, and operate in substantially the same manner without producing different results; consequently, that there is no invention in the combination.

Under these circumstances, the action of the Commissioner of Patents must be, and it is, affirmed.

Affirmed.